## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MAGPUL INDUSTRIES CORPORATION,    Plaintiff, v. ATLANTIC RESEARCH MARKETING SYSTEMS, INC., and RICHARD E. SWAN,    Defendants. | ) ) ) ) )  Civil Action No. _____ ) ) ) ) ) |

## COMPLAINT

Comes now the plaintiff, Magpul Industries Corporation ("Magpul"), who brings this action against defendants Atlantic Research Marketing Systems, Inc. ("A.R.M.S.") and Richard E. Swan ("Mr. Swan"), collectively "the defendants".  By this action, Magpul seeks a Declaratory Judgment of non-infringement and invalidity of U.S. Patent No. 7,356,962 (the "'962 patent") under the Declaratory Judgment Act, 28 USC § 2201, *et seq* and the Patent Laws of the United States, 35 USC § 1, *et seq*.

## PARTIES

1.   Magpul Industries Corporation, is a Colorado corporation having a principal place of business at 400 Young Court, Unit 1, Erie, Colorado 80516.

2.   Defendant Richard E. Swan is an individual who, upon information and belief, resides at 171 West Street, East Bridgewater, Massachusetts 02333-1807.

1

3. Defendant Atlantic Research Marketing Systems, Inc., upon information and belief, is a Massachusetts corporation having a principal place of business at 230 W. Center Street, West Bridgewater, MA 02379.

## JURISDICTION AND VENUE

4. This court has jurisdiction over these claims pursuant to 28 USC §§1331, 1338(a), 2201(a) and 2202.

5. The Court has personal jurisdiction over A.R.M.S. by virtue of, among other things, A.R.M.S.' allegation of infringement of the '962 patent by Magpul, which resides in Colorado.

6. This Court has personal jurisdiction over Mr. Swan by virtue of, among other things, his ownership of the '962 patent and his allegation of infringement of the '962 patent by Magpul, which resides in Colorado.

7. Venue is proper in the District pursuant to 28 USC §1391 and §1400.

## BASIS FOR CLAIM

8. By virtue of a letter dated August 18, 2009, from Barlow, Josephs & Holmes, LLD, attorneys for A.R.M.S. and Mr. Swan (Exhibit A), the allegation of literal infringement of the '962 patent set forth therein and the demand of a twenty five dollar ($25) per unit royalty set forth herein, an actual controversy exists between the parties as to whether the '962 patent is infringed and/or valid.

## COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF THE '962 PATENT)

9. Magpul hereby incorporates paragraphs 1-8 of this Complaint as though fully set forth herein.

10. Mr. Swan is the owner of the '962 patent, according to the records of the United States Patent and Trademark Office.

11. On information and belief, A.R.M.S. is the exclusive licensee or otherwise owns an interest in the '962 patent.

12. Mr. Swan and/or A.R.M.S. alleged infringement of the '962 patent by the Magpul MBUS rear sight with a folding dual aperture (the "Accused Product").

13. The Accused Product is not infringing and has not infringed any valid or enforceable claim of the '962 patent.

14. Magpul is entitled to a declaration of non-infringement of the '962 patent.

## COUNT II

### (DECLARATION OF INVALIDITY OF THE '962 PATENT)

15. Magpul hereby incorporates paragraphs 1-14 of its Complaint as though fully set forth herein.

16. Magpul contends each and every allegedly infringed claim of the '962 patent is invalid for failure to satisfy one or more conditions for patentability specified in Title 35 of the United States Code, including without limitations, Sections 101, 102, 103 and 112.

17.     Magpul is entitled to a declaration of invalidity of the '962 patent.

## PRAYERS FOR RELIEF

**WHEREFORE, MAGPUL** prays for judgment with respect to Magpul's Complaint as follows:

a.      The Court find and declare that the '962 patent is not infringed by Magpul or any customer of Magpul due to manufacture, offering for sale, sale or use of the Accused Product;

b.      The Court find and declare that each claim of the '962 patent is invalid;

c.      The Court grant Magpul such other and further relief at law or in equity as the Court shall deem just and proper.

Respectfully submitted,
**ATTORNEYS FOR PLAINTIFF,
MAGPUL INDUSTRIES
CORPORATION ("MAGPUL")**

s/Thomas D. Bratschun

Date: September 2, 2009

Thomas D. Bratschun, No. 16299
Swanson & Bratschun, L.L.C.
8210 Southpark Terrace
Littleton, Colorado  80120
Telephone:     (303) 268-0066
Facsimile:     (303) 268-0065
tbratschun@sbiplaw.com

S:\ClientFolders\0294 (Magpul)\A.R.M.S\Complaint.doc

ESTABLISHED 1857

# BARLOW, JOSEPHS & HOLMES, LTD.

COUNSELORS AT LAW
PATENTS – TRADEMARKS – COPYRIGHTS

DAVID R. JOSEPHS
STEPHEN J. HOLMES
MARK E. TETREAULT
JOSHUA A. STOCKWELL
DANIEL J. HOLMANDER
OF COUNSEL:
HERBERT B. BARLOW, JR.

August 18, 2009

via email

Geoffrey Dobbin, Esq.
2788 West 8580 South
Suite #1007
West Jordan, UT 84088

Re:    ARMS/Magpul MBUS

Dear Geoff:

After lengthy discussions with Dick Swan and taking into account all of the factors we discussed, he has proposed a $25.00 per unit royalty to be added at each level of distribution.

It is A.R.M.S. position that the Magpul MBUS rear sight with the folding dual aperture is a literal infringement of claims 1-4 of the '962 patent and that it directly competes with the A.R.M.S. 40L sight within the same market. With a $25 royalty added to each level of price, the MBUS would still cost substantially less than the A.R.M.S. #40L in the same market place, and thus is a fair and reasonable offer that would allow the patented features to be used in competition with the patent holder's own product. The $25 royalty is less than half of the average profit margin for the #40L, thus A.R.M.S. will still lose more than 50% of its normal revenue for every MBUS sold in place of an A.R.M.S. #40L.

A.R.M.S. and Mr. Swan have a substantial amount of money invested in the development of the #40L sight, the dual folding aperture design, the production tooling, marketing, and other related expenses, in addition to the patents.

Obviously, Magpul is free to offer the MBUS sight with the standard L-shaped leaf apertures as first introduced, and could also offer a version with the A.R.M.S. dual aperture feature with the above-noted royalty added.

Please advise on Magpul's intentions going forward.

Regardless of intentions going forward, A.R.M.S. requires an accounting of the number of units sold to date of the rear MBUS sight as well as current inventory for application of the above royalty on sales.

Page 2
August 18, 2009

We look forward to hearing back from you at your earliest convenience.

Sincerely,
BARLOW, JOSEPHS & HOLMES

Stephen J. Holmes
SJH/

cc:    A.R.M.S., Inc.